UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNEST E. HENDERSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-08-0292-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 15.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** plaintiff's Motion for Summary Judgment and **GRANTS** defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Ernest E. Henderson (plaintiff) protectively filed for social security income (SSI) on May 16, 2006. (Tr.114.) Plaintiff alleged an onset date of June 1, 2005. (Tr. 113.) Benefits were denied initially and on reconsideration. (Tr. 56, 65.) Plaintiff requested a hearing before an administrative law judge (ALJ) which was held before ALJ Richard A. Say on September 20, 2007. (Tr. 24-48.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 32-42.) Medical expert Ronald M. Klein and vocational expert Tom Moreland testified. (Tr. 25-32, 42-48.) The ALJ denied benefits (Tr. 11-21) and the Appeals Council denied review. (Tr. 1.) The instant matter is before this court pursuant to 42

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

At the time of the hearing, plaintiff was 51 years old. (Tr. 32.) He has a GED. (Tr. 32.) Plaintiff testified that he has no physical problems which keep him from working. (Tr. 34.) Plaintiff stated he was asked to leave his last job as an aide in an adult family home because he missed work due to depression. (Tr. 34.) He is able to bath and dress himself, cook, keep house, do laundry, shop, and drive. (Tr. 35.) Plaintiff testified his medication makes him sleep a lot and he does not read much because he cannot concentrate. (Tr. 36.) Plaintiff also testified his short-term memory is not very good and he sometimes loses track of things. (Tr. 38.) He feels fatigued and tired. (Tr. 39.) Plaintiff has a long history of alcohol abuse. (Tr. 28-30.) He testified that he no longer drinks alcohol, but he had a relapse of drinking for four or five days about three months before the hearing. (Tr. 37, 41-42.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877

F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since June 1, 2005, the alleged onset date. (Tr. 14.) At step two, he found Plaintiff has the following severe combination of impairments: substance abuse disorder, depression, and personality disorder. (Tr. 14.) At step three, the ALJ found plaintiff's impairments, including the substance use disorder, meet sections 12.04, 12.08 and 12.09 of 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 11.) The ALJ determined if plaintiff stopped the substance use, he would continue to have a severe

impairment or combination of impairments, but plaintiff would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 15.) The ALJ then determined:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform at least medium exertion work. The claimant could occasionally lift less than 50 pounds and frequently lift and carry up to 25 pounds. The claimant could stand or walk up to six hours out of an eight-hour workday, with intermittent sitting. The claimant would have good use of his hands and arms for grasping, holding, and turning objects. He would be capable of simple and complex tasks. His depressive symptoms would episodically slow the claimant's persistence and pace. About once per year, the claimant's depression would reach the level of severity that would cause him to miss work for a couple of days. Furthermore, the claimant would work best away from the public and with limited co-worker and supervisor interaction.

(Tr. 16.) At step four, the ALJ found plaintiff would be able to perform past relevant work as a home attendant in a private home setting, if plaintiff stopped the substance use. (Tr. 20.) Because the claimant would not be disabled if he stopped the substance use, the ALJ determined plaintiff's substance use disorder is a contributing factor material to the determination of disability. (Tr. 20.) Thus, the ALJ concluded plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. (Tr. 20.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ erred in evaluating the medical opinion evidence. (Ct. Rec. 14 at 11-16.) Defendant argues the ALJ properly considered the medical evidence. (Ct. Rec. 16 at 8-13.)

## DISCUSSION

**1.     Sequential Evaluation in the Context of Substance Abuse**

The Contract with America Advancement Act of 1996 (CAAA) amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)©. Special statues and regulations govern disability claims involving substance abuse.

Under the Regulations implemented by the Commissioner, the ALJ must follow a specific analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. §§ 404.1535(a),

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

416.935(a). The ALJ must conduct the five step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds the claimant is not disabled under the five step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id.* If the ALJ finds the claimant disabled, and there is evidence of substance addiction, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001.) If the claimant is found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). As stated by the *Parra* court, a drug addicted claimant "who presents inconclusive evidence of materiality has no incentive to stop [abusing drugs], because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated." *Id.* Thus, through the CAAA, Congress seeks "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d at 817, 824 (9th Cir. 2001).

In this case, the ALJ properly conducted the sequential analysis and determined that plaintiff's impairments meet a listed impairment under 20 C.F.R. § 404 Subpt. P App. 1 without attempting to determine the effect of substance addiction. (Tr. 14.) The ALJ then determined that without substance abuse, plaintiff would have a severe impairment or combination of impairments, but no impairment or combination of impairments would meet or medically equal a listed impairment. (Tr. 15.) The ALJ next determined plaintiff's residual functional capacity without substance abuse and concluded plaintiff could return to past work if he stopped substance abuse. (Tr. 16, 20.) Thus, the ALJ concluded plaintiff would not be disabled without the effects of substance abuse and therefore plaintiff's substance use disorder is a contributing factor material to the determination of disability. (Tr. 20.) Plaintiff's assignment of error goes to the weight given to the psychological opinion evidence in determining plaintiff's residual functional capacity without the effects of substance abuse. (Ct. Rec. 14 at 11.)

**2.     Psychological Opinion Evidence**

Plaintiff argues the ALJ failed to properly justify the weight given to the opinions of psychologists Dr. Brown and Dr. Islam-Zwart and the medical expert, Dr. Klein. (Ct. Rec. 14 at 11-16.) The ALJ gave little weight to the evaluations of Dr. Brown and Dr. Islam-Zwart. (Tr. 19.) Although the ALJ assigned

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

great weight to Dr. Klein's testimony, he declined to adopt all of the limitations assessed by Dr. Klein. (Tr. 18-19.) Defendant argues the ALJ properly resolved conflicting medical evidence regarding the extent of plaintiff's alleged impairments and limitations. (Ct. Rec. 16 at 13.)

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld the rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians independent of the non-examining doctor's opinion. *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance) independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039. Furthermore, administrative law judges are not bound by findings made by state agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

in their decisions. SSR 96-6p.

Drs. Brown and Islam-Zwart are examining psychologists and Dr. Klein is a non-examining psychologist. The opinion of Dr. Gentile, a state consulting psychologist, includes lesser limitations than those assessed by Dr. Brown, Dr. Islam-Zwart and Dr. Klein, so the ALJ was required to provide specific, legitimate reasons for rejecting their opinions.

**a. Dr. Brown and Dr. Islam-Zwart**

The ALJ gave little weight to all of the evaluations performed on behalf of the Department of Social and Health Services, including the evaluations of Dr. Brown and Dr. Islam-Zwart,[1] for the same five reasons. (Tr. 19.) On January 31, 2006, Dr. Brown completed a DSHS Psychological/Psychiatric Evaluation form and attached an explanatory narrative. (Tr. 197-204.) She diagnosed severe recurrent major depression with psychotic features and polysubstance dependence. (Tr. 198.) Dr. Brown assessed severe functional limitations in the ability to perform routine tasks, the ability to relate appropriately to co-workers and supervisors, the ability to interact appropriately in public contacts, and the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. (Tr. 199.) Dr. Islam-Zwart also completed a DSHS Psychological/Psychiatric Evaluation form and attached an explanatory report on December 30, 2006. (Tr. 279-86.) Dr. Islam-Zwart diagnosed bipolar disorder, polysubstance dependence in sustained full remission (by report) and personality disorder not otherwise specified. (Tr. 280.) She assessed marked limitations in the ability to relate appropriately to co-workers and supervisors, the ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting, and the ability to control physical or motor movements and maintain appropriate behavior. (Tr. 281.)

The first reason given by the ALJ for rejecting the DSHS opinions is that a decision by any other governmental agency about whether a claimant is disabled is based on its rules and is not the decision of the Social Security Administration. (Tr. 19.) The ALJ is correct that final responsibility for deciding

---

[1] The ALJ also gave little weight to the opinion of Dr. McRae who completed a DSHS Certification for Medicaid form on February 16, 2006. (Tr. 19.) Plaintiff does not challenge the rejection of Dr. McRae's opinion. For simplicity, the court refers Dr. Brown's opinion and Dr. Islam-Zwart's opinion collectively as the "DSHS medical reports" or "DSHS opinions."

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

the issue of disability is reserved to the Commissioner. S.S.R. 96-5p; see 20 C.F.R. §§ 404.1527(e), 416.927(e). However, this is not a specific, legitimate reason for rejecting DSHS medical reports. "[O]ur rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." S.S.R. 96-5p. The regulations require that every medical opinion will be evaluated, regardless of its source. 20 C.F.R. §§ 404.1527(d), 416.927(d). Furthermore, the purpose for which medical reports are prepared does not provide a legitimate basis for rejecting them. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). Although Dr. Brown's and Dr. Islam-Zwart's opinions were prepared for the purpose of evaluating eligibility for DSHS benefits, the medical opinion which are the bases of the reports must be considered by the ALJ. Thus, the ALJ's first reason for rejecting the DSHS reports is improper.

The second reason given by the ALJ for giving little weight to the DSHS medical reports is that they are check-box form reports of single examinations, predicated on self-report in a secondary gain context. (Tr. 19.) Opinions on a check-box form or form reports which do not contain significant explanation of the basis for the conclusions may accorded little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir. 1996). While it is true that Dr. Brown and Dr. Islam-Zwart completed check-box DSHS evaluation forms, both psychologists also prepared detailed narrative explanations of the bases for their conclusions. (Tr. 201-04, 283-86.) Their narratives include the results of objective tests conducted, interview notes, and detailed the bases for their findings. Thus, the ALJ's assertion that the DSHS medical reports are entitled to less weight because they were inadequately explained check-box form opinions is not supported by the record.

Furthermore, the opinions of examining physicians and psychologists must be considered by the ALJ. *See* 20 C.F.R. § 404.1527; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). By definition, an examining physician does not have an ongoing relationship with a claimant. The ALJ's suggestion that the DSHS opinions are inadequate because they are the results of one-time examinations leads to the conclusion that the opinions of all examining physicians or psychologists should be discarded. By that reasoning, it would follow that Dr. Klein's and Dr. Gentile's reports should also be discarded, as they never examined plaintiff. The regulations and case law require consideration and appropriate weighting of examining physician opinions. *Id.* Thus, the ALJ's implication that the DSHS medical opinions

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

should be rejected in part because they are based on one-time exams is erroneous.

Finally, both Dr. Brown's and Dr. Zwart's opinions contain explanations of the results of at least three objective tests as well as other information which formed the bases of their opinions. (Tr. 201-03, 283-85.) The ALJ's assertion that the reports are "predicated on self-report" is not supported by the record. In some instances, it may be proper for an ALJ to assign little weight to an opinion because it is a "check-box form report of a single examination predicated on self-report in a secondary gain context" (Tr. 19), but in this case, the ALJ's reasoning was not supported by the evidence.

The third reason offered by the ALJ for rejecting the DSHS opinions is that the definitions of limitations used by Department of Social and Health Services differ from the definitions contained in Social Security regulations for assessing mental disorders. (Tr. 19.) The ALJ is correct that definitions of the terms rating the severity of various limitations differ,[2] which reduces the value of DSHS opinions to an ALJ in making a disability determination. This is therefore a specific, legitimate reason for assigning less weight to the DSHS medical reports.

The fourth reason given by the ALJ for rejecting Dr. Brown's and Dr. Islam-Zwart's opinions is that the assessments of limitations appear to include substance abuse. (Tr. 19.) According to the ALJ, neither report assessed how plaintiff would function without substance abuse. (Tr. 19.) The ALJ noted that Dr. Brown's narrative mentioned plaintiff would continue to experience depression without substance abuse, but she did not give a medical source statement expressing what limitations plaintiff would have without substance abuse. (Tr. 19, 203-04.) Plaintiff points out Dr. Brown checked boxes indicating the assessed cognitive limitations are most likely not the result of alcohol or drug abuse and are not likely to dissipate within sixty days of sobriety (Ct. Rec. 14 at 14, Tr. 199), suggesting that Dr. Brown's assessment includes an analysis of plaintiff's ability to function without substance abuse.

---

[2]The DSHS form indicates a severe limitations involves the "inability to perform one or more basic work-related activities;" a marked limitation involves "very significant interference with work-related activities;" and a moderate limitation involves "significant interference with work-related activities." (Tr. 197, 279.) Social security regulations indicate a marked limitation is one of such degree "to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P., App. 1, Listing 12.00(C)(1).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

However, Dr. Brown's narrative also stated, "I think consideration for SSI should be made with one year evaluations to see if there is any improvement." (Tr. 204.) This statement suggests Dr. Brown believes plaintiff's limitations could improve if plaintiff remained abstinent from alcohol, which conflicts with Dr. Brown's indication that alcohol does not affect the assessed limitations. It is the ALJ's duty to resolve conflicts and ambiguity in the medical and non-medical evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Here, Dr. Brown's narrative conflicts with boxes checked on the DSHS form. The ALJ's resolution of the conflict is supported by the comments in Dr. Brown's narrative. Thus, the court cannot conclude the ALJ erred in determining the report does not adequately address plaintiff's limitations without the effects of alcohol abuse.

With respect to Dr. Islam-Zwart's report, the ALJ correctly found it does not address plaintiff's limitations without alcohol abuse. (Tr. 19.) Dr. Islam-Zwart diagnosed polysubstance dependence in sustained full remission based on plaintiff's report. (Tr. 280.) Like Dr. Brown, Dr. Islam-Zwart also checked boxes on the DSHS Psychological/Psychiatric Evaluation form noting the cognitive limitations she assessed were not affected by drug and alcohol abuse.[3] In her narrative report, Dr. Islam-Zwart mentioned plaintiff "denies any history of alcohol dependence, but maintains he has been abstinent since November 2005."[4] (Tr. 284, 286.) However, the record reflects plaintiff reported drinking in January and August 2006. (Tr. 226, 245.) Because Dr. Islam-Zwart was not aware that plaintiff was still drinking, the conclusion that her assessment addresses plaintiff's limitations without alcohol abuse is incorrect. Thus, the ALJ's determination that Dr. Islam-Zwart's report does not reflect plaintiff's limitations without alcohol abuse is accurate. Therefore, the ALJ did not err in giving little weight to Dr.

---

[3] It is noted that Dr. Islam-Zwart assessed only moderate and mild cognitive limitations; the marked limitations she assessed involved social factors. (Tr. 281.) The boxes on the DSHS form referencing the effects of drug or alcohol abuse only apply to cognitive limitations. (Tr. 281.)

[4] If true, plaintiff would have been abstinent for about 13 months at the time of Dr. Islam-Zwart's report.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

Islam-Zwart's report on that basis.

The last reason mentioned by the ALJ for giving little weight to the DSHS reports is that they are not entitled to controlling weight under 20 C.F.R. §§ 404.1527(e), 416.927(e). As mentioned above, even though the reports are not entitled to controlling weight, they are entitled to some weight. This is not a specific, legitimate reason for rejecting Dr. Brown's and Dr. Islam's reports.

The ALJ properly gave less weight to the DSHS medical reports because they did not adequately address plaintiff's limitations without alcohol abuse and because the severity assessments are based on definitions differing from those in the social security regulations. The three additional reasons cited by the ALJ were not supported by the evidence and were improperly considered. However, when there is substantial evidence supporting the ALJ's decision and the error does not affect the ultimate nondisability determination, the error is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004). In this case, the ALJ cited adequate specific, legitimate reasons constituting substantial evidence in giving little weight to the opinions of Dr. Brown and Dr. Islam-Zwart. As a result, the erroneous reasons cited by the ALJ constitute harmless error. Therefore, the ALJ did not err in considering the DSHS opinions.

**b. Dr. Klein**

Plaintiff argues the ALJ erred in rejecting one of the limitations assessed by the medical expert, Dr. Klein. (Ct. Rec. 14 at 13.) Dr. Klein, a consulting medical expert, testified that plaintiff's functional limitations without alcohol abuse include mild limitation in activities of daily living, moderate limitation in social functioning, and moderate limitation in concentration, persistence and pace. (Tr. 26.) Dr. Gentile, a state reviewing psychologist, also assessed mild limitation in activities of daily living and moderate limitation in social functioning, but only mild limitation in concentration, persistence and pace. (Tr. 271.) The ALJ assigned great weight to Dr. Klein's testimony overall, but with respect to the limitation in concentration, persistence and pace, the ALJ rejected Dr. Klein's assessment of a moderate limitation and adopted Dr. Gentile's assessment of a mild limitation. (Tr. 18-19.) Plaintiff asserts the ALJ failed to provide specific, legitimate reasons supported by substantial evidence in the record for rejecting Dr. Klein's moderate limitation in concentration, persistence and pace. (Ct. Rec. 14 at 13.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

1    The ALJ indicated he fully considered Dr. Klein's limitations regarding plaintiff's abilities
2 without substance abuse. (Tr. 18.) The ALJ gave several reasons for declining to adopt Dr. Klein's
3 assessment of a moderate limitation in favor of a mild limitation in the area of concentration, persistence
4 and pace. (Tr. 18-19.) First, the ALJ pointed out that plaintiff's symptoms are episodic and largely
5 attributable to alcohol relapses. (Tr. 18.)  The ALJ mentioned Dr. Klein's testimony indicating he
6 agreed with Dr. Gentile that alcohol exacerbates plaintiff's symptoms. (Tr. 18, 30-31.) Dr. Klein said,
7 "I think she does make a good point about, you know, this gentleman's symptoms are driven by alcohol,
8 and they get better when he's not using alcohol."  (Tr. 30-31.) Second, the ALJ pointed to treatment
9 notes indicating plaintiff was able to remain employed for 9-12 months despite his depressive symptoms.
10 (Tr. 18, 227.) Third, the ALJ pointed out there is no objective evidence to support moderate limitations
11 in concentration, persistence and pace (Tr. 18), nor did plaintiff identify any such evidence. Fourth, the
12 ALJ mentioned Dr. Gentile's assessment of a mild limitation in support of his finding. (Tr. 18-19.)
13    Lastly, the ALJ noted that the ultimate nondisability determination did not turn on the assessment
14 of a mild or moderate limitation in concentration, persistence and pace. (Tr. 19.) Plaintiff's argument
15 is unclear, but he seems to assert the vocational expert testified that plaintiff would be unable to sustain
16 work if he had moderate limitations in working around coworkers and performing routine tasks, as well
17 as performing in a normal work setting, and that Dr. Klein's testimony about plaintiff's limitations is
18 equivalent to those limitations.  (Ct. Rec. 14 at 15-16.) However,  plaintiff misstates the vocational
19 expert's testimony. Plaintiff's counsel propounded a hypothetical to the vocational expert based on the
20 limitations assessed by Dr. Islam-Zwart. (Tr. 47.) The hypothetical included six moderate limitations
21 and three marked limitations. (Tr. 47.) When asked if there would be any work an individual with such
22 limitations could perform, the vocational expert said:

> No, that would be due mainly to the moderate limitations working around coworkers - - excuse me.  The marked limitations in coworkers, the moderate limitations in ability to perform routine tasks, and more importantly the marked, markedly limited in performing in a normal work setting.

26 (Tr. 47-48.) The hypothetical to which the vocational expert was responding had little in common with
27 Dr. Klein's assessment of four moderate limitations. The vocational expert specifically emphasized the
28 importance of the hypothetical's marked limitation in performing in a normal work setting as a factor in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

his opinion. Dr. Klein's assessment of a moderate limitation in concentration, persistence, and pace is not equivalent to the hypothetical considered by the vocational expert and plaintiff's argument must therefore fail.

The ALJ properly considered Dr. Klein's opinion regarding the limitation on concentration, persistence and pace. As mentioned above, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999); *see also Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). The ALJ provided five specific, legitimate reasons supported by substantial evidence in making his finding about the limitation on concentration, persistence and pace. The court must uphold the ALJ's decision when it is not based on legal error and is supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The ALJ's decision meets that standard; therefore, the ALJ did not err with respect to Dr. Klein's opinion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED June 10, 2009.

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14